IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LEA'TICE PHILLIPS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:15cv923-WKW |
| | ) | (WO) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**<u>RECOMMENDATION OF THE MAGISTRATE JUDGE</u>**

Before the court is Lea'Tice Phillips's ("Phillips") motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Civil Action No. 2:15cv923-WKW, Doc. No. 1.[1] For the reasons that follow, it is the Recommendation of the magistrate judge that Phillips's § 2255 motion be denied and this action be dismissed with prejudice.

## I. BACKGROUND

On May 30, 2013, Phillips pleaded guilty under a plea agreement to wire fraud, in violation of 18 U.S.C. § 1343, and aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1), (c)(1). On September, 23, 2013, the district court sentenced Phillips to 94 months in prison, comprising 70 months on the wire fraud count and a mandatory consecutive term of 24 months for aggravated identity theft. The court ordered that

---

[1] Document numbers ("Doc. No.") are those assigned by the Clerk of Court in this civil action (Civil Action No. 2:15cv923-WKW) or, where indicated, in the underlying criminal case (Criminal Case No. 2:13cr10). Page references are to those assigned by CM/ECF.

1

Phillips's incarceration be followed by three years of supervised release. Judgment was entered by the district court on October 2, 2013. Phillips's plea agreement contained a provision whereby she waived her right to appeal or collaterally attack her convictions and sentence except on grounds of ineffective assistance of counsel and prosecutorial misconduct. *Id.*, Doc. No. 3-2 at 6–7.

Phillips did not appeal. In January 2015, however, she sent a *pro se* letter/motion to the court asking that her sentence be reduced on the ground that District Judge Mark Fuller, who presided over her September 2013 sentencing, had been arrested for domestic violence in August 2014 and was biased against her at the time of sentencing because she was a victim of domestic abuse.[2] *Id.*, Doc. No. 3-4. Phillips argued that Judge Fuller's bias was the reason her sentence on the wire fraud count (70 months) was above the bottom of the guidelines range, which the presentence investigation report ("PSI") calculated to be 63 to 78 months' imprisonment. *Id.* On February 19, 2016, after construing Phillips's letter/motion as a Motion to Reduce Sentence, Chief United States District Judge W. Keith Watkins entered an order denying the Motion to Reduce Sentence. Criminal Case No. 2:13cr10, Doc. No. 55.

In a second *pro se* letter/motion—this one received by the court on December 16, 2015—Phillips argued she was entitled to a sentence reduction under 18 U.S.C. § 3582(c)(2) based on amendments to the Sentencing Guidelines that became effective on

---

[2] Ultimately, the domestic violence charge against Judge Fuller was disposed of through pretrial diversion, and Judge Fuller resigned on August 1, 2015.

2

November 1, 2015. Civil Action No. 2:15cv923-WKW, Doc. No. 3-7. That filing was also construed by this court as a Motion to Reduce Sentence, and an February 22, 2016, Judge Watkins entered an order denying the motion. Criminal Case No. 2:13cr10, Doc. No. 56.

Also on December 16, 2015, this court received from Phillips the 28 U.S.C. § 2255 motion under consideration in this Recommendation. Civil Action No. 2:15cv923-WKW, Doc. No. 1. In her § 2255 motion, which Phillips dates as having been executed on June 22, 2015,[3] Phillips presents a claim (like the claim in her letter/motion of January 2015) that Judge Fuller was biased against her at sentencing because she was a victim of domestic abuse. *Id.* at 3–4 & 7. Phillips points to Judge Fuller's August 2014 arrest on domestic violence charges as evidence of his bias. *Id*.

Phillips's § 2255 motion presents a second, somewhat unclear, claim that she was treated for depression "due to work conditions" at her former job several years before her arrest, for which she received counseling and was prescribed medication. *Id*. at 3 & 6–7. According to Phillips, by the time of sentencing, she had completed her counseling sessions and "was off the medication for approximately three years." *Id*. at 6. As a special condition of Phillips's supervised release, Judge Fuller ordered that she participate in a mental health treatment program approved by the Probation Office. *See* Criminal Case No. 2:13cr10, Doc. No. 43 at 19. Phillips suggests that Judge Fuller imposed this condition on her

---

[3] Nothing in the record explains the disparity in the date Phillips's § 2255 motion was received by this court and the date Phillips represents that she filed the motion. For purposes of this Recommendation, and because the outcome is substantially the same under either date, the court will consider June 22, 2015— and not December 16, 2015—as the filing date of the § 2255 motion.

supervised release on the mistaken belief she was in need of mental health treatment for her work-related depression for which she had already been successfully treated. Civil Action No. 2:15cv923-WKW, Doc. No. 1 at 6. She then appears to argue that, rather than ordering that she participate in a mental health treatment program, Judge Fuller should have imposed a shorter sentence of incarceration.[4] *Id*.

## II. DISCUSSION

**A.    Phillips's "Mental Health" Claim**

As noted above, Phillips argues that Judge Fuller should have imposed a shorter sentence of incarceration instead of ordering that she participate in a mental health treatment program as part of the supervised release that will follow her incarceration. Civil Action No. 2:15cv923-WKW, Doc. No. 1 at 3 & 6–7. The Government maintains that this claim is time-barred under the one-year limitation period in 28 U.S.C. § 2255(f).[5] Doc. No. 3 at 3–5.

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which established a one-year limitation period for filing a motion under 28 U.S.C. § 2255. In pertinent part, AEDPA amended § 2255 to provide:

---

[4] Phillips also suggests that the fact Judge Fuller ordered that she participate in a mental health treatment program as part of her supervised release somehow reflects Judge Fuller's bias against her as a victim of domestic abuse. *See* Civil Action No. 2:15cv923-WKW, Doc. No. 1 at 6–7. The court considers this suggestion to be part of Phillips's bias/domestic abuse claim and treats Phillips's "mental health" claim as a standalone claim premised on her contention that Judge Fuller misapprehended the nature of her mental health issues and should have imposed a shorter term of incarceration rather than ordering that she receive mental health treatment as part of her supervised release.

[5] As the Government states in its response, the statute of limitations applies on a claim-by-claim basis, and one timely claim in a habeas petition will not revive otherwise untimely claims in the petition. *See Zack v. Tucker*, 704 F.3d 917, 924–26 (11th Cir. 2103).

4

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

When Phillips did not appeal her conviction, her conviction became final 14 days after judgment was entered by the district court on October 2, 2013—that is, on October 16, 2013. *See* Fed.R.App.P. 4(b)(1)(A); *Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011). Under § 2255(f)(1), Phillips had until October 16, 2014, to file her § 2255 motion. *See* 28 U.S.C. § 2255(f)(1). The filing of her § 2255 motion on June 22, 2015, renders it untimely under § 2255(f)(1).

Phillips sets forth no facts or argument to establish that she may use § 2255(f)(2), § 2255(f)(3), or § 2255(f)(4) as a triggering event for statute of limitations purposes regarding her "mental health" claim. Specifically, she has not shown that some unconstitutional governmental action impeded her from filing her § 2255 motion at an

earlier date, *see* § 2255(f)(2); or that her mental health claim is based on a right newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, *see* § 2255(f)(4); or that the facts supporting her mental health claim could not have been discovered earlier by exercising due diligence, *see* § 2255(f)(4).

The limitation period in federal habeas proceedings may be equitably tolled on grounds besides those specified in the habeas statutes "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). A petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). The burden of establishing entitlement to equitable tolling rests with the petitioner. *Hollinger v. Sec'y Dep't of Corrs.*, 334 F. App'x 302, 306 (11th Cir. 2009). Phillips neither demonstrates nor even asserts that she is entitled to equitable tolling of the limitation period for filing her § 2255 motion. For the reasons stated above, Phillips's mental health claim is time-barred by AEDPA's one year limitation period, 28 U.S.C. § 2255(f).

**B.     Bias/Domestic Abuse Claim**

Phillips contends that District Judge Mark Fuller was biased against her at her sentencing—and unfairly imposed a longer sentence than he otherwise would have—because she was a victim of domestic abuse.[6] Civil Action No. 2:15cv923-WKW, Doc. No.

---

[6] Phillips specifically contends that Judge Fuller's bias was the reason he imposed a sentence above the bottom of the guidelines range.

1 at 3–4 & 7. According to Phillips, Judge Fuller's August 2014 arrest on domestic violence charges (over 10 months after she was sentenced) is evidence of his bias against her on this basis. *Id*.

The Government concedes that it is at least arguable Phillips's bias/domestic abuse claim is predicated on facts that Phillips could not have discovered through the exercise of due diligence before Judge Fuller's arrest on domestic violence charges on August 9, 2014, and that, if this is so, her claim is arguably timely under § 2255(f)(4), because she filed her § 2255 motion less than one year after August 9, 2014.[7] Doc. No. 3 at 5–6. However, the Government argues that even if this claim is considered timely,[8] it is barred by the collateral-attack waiver in Phillips's plea agreement and should be dismissed on this ground. *Id.* at 6-7. This argument by the Government is well taken.

The written plea agreement contained a waiver provision with the following pertinent language:

> DEFENDANT'S WAIVER OF APPEAL AND COLLATERAL ATTACK

---

[7] The Government uses June 22, 2015, as the filing date of Phillips's § 2255 motion.

[8] The Government is ambivalent on whether Phillips's claim is indeed timely under § 2255(f)(4), stating in its response to this issue:

> Judge Fuller's arrest is not a fact supporting Phillips' claim that would extend the statute of limitations. This is not a situation where prior facts are only revealed at a later date. Rather, the arrest and the incident prompting it only occurred months *after* Phillips' sentencing. At its core, Phillips' claim is that Judge Fuller may have been biased against her because of actions he took *after* he sentenced her. Those facts do not fit comfortably within the framework of § 2255(f)(4). But it would not necessarily be completely unreasonable to construe the arrest as shedding light on an earlier alleged bias[.]

Civil Action No. 2:15cv923-WKW, Doc. No. 3 at 6 (emphasis in original). The court pretermits answering this question because it finds Phillips's claim to be barred by the collateral-attack waiver in her plea agreement and finds that Phillips fails to demonstrate bias by Judge Fuller.

7

> Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant of the sentence under certain circumstances, the defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the sentence. The Defendant further expressly waives the right to appeal the conviction and sentence on any other ground and waives the right to attack the conviction and sentence in any post-conviction proceeding. This waiver does not include the the to appeal or to attack the conviction and sentence in any post-conviction proceeding on the ground of ineffective assistance of counsel or prosecutorial misconduct.

Doc. No. 3-2 at 6–7. Under this language, Phillips waived her rights to appeal and collaterally attack her convictions and sentence except on grounds of ineffective assistance of counsel and prosecutorial misconduct.

An appeal waiver or collateral-attack waiver is valid if a defendant enters it knowingly and voluntarily. *See Williams v. United States*, 396 F.3d 1340, 1341 (11th Cir. 2005); *United States v. Bushert,* 997 F.2d 1343, 1350–55 (11th Cir. 1993). In this circuit, such waivers have been enforced consistently according to their terms. *See United States v. Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006) (collecting cases). To enforce a waiver, the Government must demonstrate either that (1) the court specifically questioned the defendant about the waiver during the change of plea colloquy, or (2) the record shows that the defendant otherwise understood the full significance of the waiver. *Bushert,* 997 F.2d at 1351.

The record indicates that the Phillips's waiver was knowing and voluntary. At the change of plea hearing, the magistrate judge ascertained from Phillips that she had read and discussed the plea agreement with her counsel before signing it, and that she understood the terms of the plea agreement. Doc. No. 4-1 at 3–4. The magistrate judge

specifically questioned Phillips about the waiver provision during the plea colloquy, and Phillips indicated that she understood it. *Id.* at 11. Further, the written plea agreement contained Phillips's signature under language acknowledging that she had read and understood the plea agreement and that the matters and facts in the written agreement accurately reflected all representations made to her and all the terms reached. *Id.* at 14. Phillips makes no claim that she did not understand the consequences of the waiver. Under these circumstances, the court finds that Phillips's assent to the waiver was knowing and voluntary. Accordingly, Phillips's waiver is valid and enforceable, and her bias/domestic abuse claim is barred from review by the waiver.[9]

Even if the bias/domestic abuse claim is not barred by Phillips's waiver, the claim entitles Phillips to no relief because she demonstrates no bias by Judge Fuller in imposing her sentence. Phillips's total term of imprisonment was 94 months. As part of her overall sentence, the court had to impose a mandatory consecutive term of 24 months for her conviction of aggravated identity theft. For the wire fraud count, the PSI calculated Phillips's guidelines range to be 63 to 78 months' imprisonment. The Government recommended a 63-month term, at the bottom end of that range. Judge Fuller imposed a term of 70 months, slightly lower than the middle of the guidelines range. In imposing sentence, Judge Fuller made statements expressing his concern about the long-term harm

---

[9] The terms of the waiver would also apply to Phillips's mental health claim. However, the Government relies solely on the statute-of-limitations defense in arguing that the mental health claim is barred from review.

9

Phillips caused the numerous victims of her crimes.[10] *See* Criminal Case No. 2:13cr10, Doc. No. 43 at 16–18. Although Phillips claims that Judge Fuller made statements at sentencing referring to her history as a victim of domestic abuse, the sentencing transcript shows no such statements by Judge Fuller. Considering Judge Fuller's statements at sentencing and the sentence actually imposed on Phillips, the court can find no evidence of bias by Judge Fuller in his imposition of Phillips's sentence, and specifically finds no evidence that Judge Fuller imposed a longer sentence than Phillips otherwise would have received based on bias against her as a victim of domestic abuse. This claim entitles Phillips to no relief.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion be DENIED and this case DISMISSED with prejudice.

It is further

ORDERED that the parties shall file any objections to this Recommendation or before December 27, 2017. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of

---

[10] Phillips participated in a tax fraud conspiracy from 2009 to 2012 using stolen identities to file false tax returns and obtain IRS refunds. Through her employment with the Alabama Department of Public Health, she accessed state databases to steal personal identification information on hundreds of individuals that was then used to fraudulently obtain hundreds of thousands of dollars in tax refunds.

legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Lanning Securities, Inc*., 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 8th day of December, 2017.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE